UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STANLEY V. WILLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-198-JD-MGG |
| ) | |
| ANDREW M. SAUL, Commissioner of ) | |
| the Social Security Administration, ) | |
| ) | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on the Petition for Attorney Fees [DE 30], filed on February 20, 2020. For the reasons stated below, the request is GRANTED.

**I. BACKGROUND**

On March 6, 2017, the Plaintiff filed a Complaint seeking judicial review of the denial of his claims for social security benefits. *See* Compl. ¶ 1, DE 1. On August 8, 2018, the Court reversed the Commissioner's decision and remanded for further proceedings. Op. & Order, p. 10, DE 21. Thereafter, the Court granted counsel's request for $6,730.00 in fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. *See* Order, p. 1, DE 29.

Following remand, the Commissioner determined that the Plaintiff was eligible for past due benefits in the amount of $161,545.52. *See* Ex. A, Notice of Award, pp. 1–2, DE 30-1. The Plaintiff previously agreed to pay his attorney up to twenty-five percent of any past-due benefits. *See* Ex. B, Contingency Agreement, p. 1, DE 30-2.

Pursuant to their agreement, counsel now seeks $40,386.38 in attorney fees. *See* Pet. for Att'y Fees, p. 8, DE 30. Counsel states that the requested amount is consistent with the above-mentioned fee agreement. *Id.* at 2. Counsel argues that the requested fees are reasonable given

the contingent nature of the representation and the results achieved for her client. *Id* at 2–7. Counsel notes that her firm extended 34.45 hours of attorney time and 5.8 hours of staff time in federal court. *See* Ex. D, Time Log, pp. 1–2, DE 30-4. Thus, the law firm expended a total of 40.25 hours on this case. *Id.* Counsel indicates that her firm will refund the previously awarded EAJA fees. *See* Pet. for Att'y Fees, p. 8, DE 30. However, the Defendant argues that the Court should reduce the amount of attorney fees. *See* Def.'s Resp., pp. 3–9, DE 31.

## II.  DISCUSSION

Counsel, subject to refunding $6,730 in EAJA Fees, requests $40,386.38 in attorney fees. For the reasons stated below, this request is granted.

"The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see* 42 U.S.C § 406(b)." *Hoover v. Saul*, No. 1:16-CV-427, 2019 WL 3283047, at *1 (N.D. Ind. July 22, 2019) (citing *Culberston v. Berryhill*, 139 S. Ct. 517, 520 (2019)). "Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled." *Hoover*, 2019 WL 3283047, at *1. "The reasonableness analysis considers the 'character of the representation and the results achieved.'" *Id.* at *4 (quoting *Gisbrecht v. Barnhardt*, 535 U.S. 789, 807 (2002)). Reasons to reduce an award include an attorney's unjustifiable delay or if the past-due benefits are large in comparison to the amount of time an attorney has spent on a case. *Gisbrecht*, 535 U.S. at 808.[1] The district court is in the best position to determine whether the requested attorney fees are reasonable. *See Montanez v.*

---

[1] Likewise, "an award of EAJA fees under 42 U.S.C. § 2412 offsets an award under § 406(b)." *Hoover*, 2019 WL 3283047, at *1 (citing *Gisbrecht*, 535 U.S. at 796).

*Simon*, 755 F.3d 547, 553 (7th Cir. 2014) (quoting *Sottoriva v. Claps*, 617 F.3d 971, 975 (7th Cir. 2010)).

The Court finds that $40,386.38 in attorney fees is reasonable. Counsel indicates that her firm extended 34.45 hours of attorney time and 5.8 hours of staff time in federal court. *See* Time Log, pp. 1–2, DE 30-4. In the aggregate, this results in an effective hourly rate of $1,003.38. *See id.* Such an hourly rate is comparable to fees that have been approved in similar cases. *See, e.g.*, *McPeters v. Saul*, No. 4:17-CV-41, 2020 WL 2507935, at *2 (N.D. Ind. May 15, 2020) (approving a request for attorney fees at an effective hourly rate of $1,522.14); *Zenner v. Saul*, No. 4:16-CV-51, 2020 WL 1698856, at *2 (N.D. Ind. Apr. 8, 2020) (finding that an effective hourly rate of $1,167.28 was reasonable given the contingent nature of the case). Moreover, our sister courts have approved similar fees. *See, e.g.*, *Kirby v. Berryhill*, No. 14 CV 5936, 2017 WL 5891059, at *2 (N.D. Ill. Nov. 29, 2017) (approving a request for attorney fees at an effective hourly rate of $1,612.28); *Heise v. Colvin*, No. 14-cv-739, 2016 WL 7266741, at *2 (W.D. Wis. Dec. 15, 2016) (concluding that an effective hourly rate of $1,100 was sufficient to reflect the risk of non-recovery in social security cases).

The Court emphasizes that counsel wrote a well-reasoned Opening Brief [DE 15] and Reply Brief [DE 20] that resulted in the reversal of the ALJ's decision. Moreover, counsel is an experienced practitioner with specialized knowledge in disability law. *See* Ex. C, Professional Qualifications, p. 3, DE 30-3. Put simply, counsel provided excellent legal services on behalf of her client. *Cf. Gisbrecht*, 535 U.S. at 808 (the district court may properly reduce the amount of attorney fees based upon poor representation).

Further, counsel's actions resulted in an award of past due benefits in the amount of $161,545.52. *See* Notice of Award, pp. 1–2, DE 30-1. The Court finds that such an award is an

excellent outcome for the Plaintiff. *Cf. Gisbrecht*, 535 U.S. at 808 (the district court may reduce the amount of attorney fees if poor results were achieved for the client); *see Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.").

Finally, the Court is mindful of the contingent nature of this case. *See Martinez v. Astrue*, 630 F.3d 693, 695 (7th Cir. 2011) ("A study found that the district courts . . . reversed 6.15 percent of denials outright and ordered benefits awarded in those cases, and remanded 48 percent of the denials, and 60 percent of the remands eventuated in a grant of benefits."); *see also Eckerhart*, 461 U.S. at 448–49 (Burger, C.J., concurring) ("Attorneys who take cases on contingency, thus deferring payment of their fees until the case has ended and taking upon themselves the risk that they will receive no payment at all, generally receive far more in winning cases than they would if they charged an hourly rate.").

Thus, based upon the unique facts of this case, the Court finds that $40,386.38 in attorney fees is reasonable. Moreover, the requested fees are allowable under the contingency agreement. *See* Contingency Agreement, p. 1, DE 30-2. As such, counsel's request is granted.

### III.  CONCLUSION

For the reasons stated above, the Petition for Attorney Fees [DE 30] is GRANTED. The Court AWARDS attorney fees in the amount of $40,386.38. The Court ORDERS the Plaintiff's attorney to refund the $6,730 in EAJA Fees previously awarded in this case.

SO ORDERED.

ENTERED:  June 16, 2020

/s/ JON E. DEGUILIO
Chief Judge
United States District Court